UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUADIR WHITAKER, | Civil Action No. 15-6744 (FLW) |
| Plaintiff, | |
| v. | OPINION |
| NEW JERSEY STATE PRISON, et al., | |
| Defendants. | |

**WOLFSON, United States District Judge:**

### I.	INTRODUCTION

Plaintiff Quadir Whitaker, a prisoner currently confined at New Jersey State Prison, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  The Court previously denied his application to proceed *in forma pauperis* because he did not submit the required certified account statement.  (*See* ECF No. 2.)  Plaintiff subsequently submitted a complete application to proceed *in forma pauperis*.  (ECF No. 3.)  Based upon his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of Court to file the Complaint.  At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.   For the reasons explained below, the Court dismisses Plaintiff's Complaint.

## II.     FACTUAL BACKGROUND

In his Complaint, Plaintiff alleges that "[o]n [August 13, 2015, [three] occupational educational trade books were seized and held for [sic] contraband." (ECF No. 1, Compl. at 4.) Plaintiff alleges that this seizure violated his right to educate himself during his time in segregation and that other unspecified institutions allow the books in question. (*Id.*, Compl. at 4, 6.) Plaintiff has sued New Jersey State Prison, and Officers G. Kelly and P. Hill (collectively "Officer Defendants"). Officer Kelly allegedly processed the mail and Officer Hill delivered the notice informing Plaintiff of the seizure of the books. (*Id.* at 5.) Regarding the alleged seizure of the books, Plaintiff further alleges that the Officer Defendants "prohibited me for reasons not warranted throughout Department of Corrections in New Jersey," that "their practices was [sic] not procedure nor protocol," and that they "abused their position[s]" in seizing Plaintiff's educational materials. (*Id.* at 6.)

Plaintiff appears to have filed a grievance about the incident, explaining in his Complaint that he "wrote a direct appeal letter to the Administrator." (*Id.* at 5.) He also states that a mailroom supervisor told Plaintiff that he need not "waste his time [and] just go home." (*Id.* at 5.) Plaintiff seeks monetary compensation for the seized books and for his alleged pain and suffering, as well as injunctive relief. (*Id.* at 7.)

## III.    ANALYSIS

### a. Standard for *Sua Sponte* Dismissal

Under the PLRA, district courts must review complaints in civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss

2

any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted).

### b. Plaintiff's Section 1983 claims

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

> i. **New Jersey State Prison has Eleventh Amendment Immunity and is not a "Person" for Purposes of § 1983**

From the outset, New Jersey State Prison is immune from suit for damages under § 1983 pursuant to the Eleventh Amendment.[2] Additionally, a prison is not a "person" for purposes of § 1983 litigation. *See Valle v. Bayside State Prison*, No. CIV 10-0614 JBS, 2010 WL 5141731, at *2 (D.N.J. Dec. 9, 2010) (citing *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (New Jersey Department of Corrections and state prison facilities are not "persons" under § 1983)). As such, the Complaint is dismissed with prejudice against New Jersey State Prison.

---

[2] The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As such, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *Valle v. Bayside State Prison*, No. CIV 10-0614 JBS, 2010 WL 5141731, at *2 (D.N.J. Dec. 9, 2010) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Id.* (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984)). Section 1983 does not override a state's Eleventh Amendment immunity. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). As a result, the State of New Jersey and New Jersey Department of Corrections are immune from suit for money damages in federal court pursuant to the Eleventh Amendment. *See id.* Moreover, the Department of Corrections is not a "person" subject to liability under § 1983. Analogously, New Jersey State Prison is not an entity cognizable as a "person" for the purposes of a § 1983 suit. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

### ii. Plaintiff's Due Process Claim Against the Officer Defendants

The Court construes Plaintiff's Complaint as alleging that the Officer Defendants deprived him of his property without due process of law. However, "[r]outine claims of property deprivation or damage, even at the hands of a State actor, are not automatically constitutional claims." *Brown v. James*, No. CIV. 14-7674 KM MAH, 2015 WL 4391789, at *4 (D.N.J. July 14, 2015). "An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984)); *see also Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) ("Deprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy.") (citing *Hudson*, 468 U.S. at 533); *see also Roudabush v. Bittinger*, No. CIV.15-3185 RMB, 2015 WL 4616869, at *7 (D.N.J. July 31, 2015) (same). The existence of a post-deprivation remedy forecloses any due process claim, even if an inmate is dissatisfied with the result of the process. *Massi v. Zickefoose*, No. CIV. 10-4802 RMB, 2011 WL 4810414, at *9 (D.N.J. Oct. 7, 2011) (citing *Iseley v. Horn*, 1996 WL 510090, at *6 (E.D. Pa. Sept. 3, 1996)). In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), however, the Supreme Court explained that post-deprivation remedies do not satisfy the Due Process Clause if the underlying deprivation of property was carried out pursuant to established state procedure rather than through random, unauthorized action. 455 U.S. at 435–36; *see also Prall v. Bocchini*, No. CIV. 10-1228 FLW, 2011 WL 4457831, at *22 (D.N.J. Sept. 23, 2011) (explaining same).

Here, Plaintiff explicitly states the Officer Defendants "abused their position[s]" and acted contrary to practices and protocol in seizing his property, and that his property was seized

"for reasons not warranted throughout Department of Corrections in New Jersey." (ECF No. 1, Complaint at 6.) Thus, the Court construes the Complaint to allege that the Officers' deprivation of Plaintiff's property was not accomplished through established state procedure and was instead an unauthorized seizure by the Officer Defendants.

Having determined that the alleged deprivation of property was an unauthorized seizure, the Court finds that Plaintiff's claim fails as a matter of law because the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1–1 et seq., and the prison's grievance procedure, *see* N.J. Admin. Code § 10A:1–4.1(a)(1) (effective June 16, 2008), provide all the process that is due. *See Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that county prisoner had adequate post-deprivation remedy through grievance system that allowed prisoners to complain about "any" matter that is "unjust" and provided for direct appeal to the warden); *Mattis v. Dohman*, 260 F. App'x 458, 461 (3d Cir. 2008) (explaining that in addition to remedy through grievance system, Plaintiff could also have pursued a state tort suit for conversion of property) (citing *Hudson*, 468 U.S. at 535, 104 S.Ct. 3194); *Ascruith v. Volunteers of America*, 1 F.Supp.2d 405, 419 (D.N.J. 1998), aff'd 186 F.3d 407 (3d Cir. 1999). Plaintiff does not provide any details regarding the outcome of his appeal to the Administrator. To the extent Plaintiff is dissatisfied with the outcome of the administrative process, his remedy is to file a state court tort action. *See Hudson*, 468 U.S. at 535; *see also Crosby*, 465 F. App'x. at 172; *Demore v. Moynihan*, No. CIV. 10-3747 JBS, 2011 WL 734328, at *2 (D.N.J. Feb. 22, 2011) ("Although this Court construes this claim as alleging a violation of Plaintiff's due process rights, given the post-deprivation remedy available to her, Plaintiff's recourse after she was deprived of her property would be a common-law tort action against the appropriate defendants under the NJTCA, not a cause of action pursuant to § 1983.").

6

Because the NJTCA and inmate grievance procedures are available post-deprivation remedies providing all the process which is due, Plaintiff's due process deprivation of property claim against the Officer Defendants fails, and this Court will dismiss the claim with prejudice for failure to state a claim upon which relief may be granted.  *See Ball v. Oden*, 425 F. App'x. 88, 89 (3d Cir. 2011) (affirming dismissal of inmate deprivation of property claim on ground that administrative grievance procedure provided adequate post-deprivation remedy); *Cruz v. SCI-SCR Dietary Service*, 566 F. App'x. 158, 160 (same); *Crosby*, 465 F. App'x at 172 (same); *see also Demore*, 2011 WL 734328, at *3 (dismissing deprivation of property claim at screening pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b) (1)); *Brown*, 2015 WL 4391789, at *5 (same).

To the extent Plaintiff is attempting to assert a substantive due process claim, his allegations fail to state a claim because the Officer Defendants' unauthorized seizure of three educational books cannot be alleged to have shock the conscience.  *See, e.g., United Artists Theatre Circuit, Inc. v. Township of Warrington, Pa.*, 316 F.3d 392, 399–400 (3d Cir. 2003) ("our cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience."); *see also Davis v. Harlow*, No. CIV. 11-1506, 2013 WL 1195033, at *10 (W.D. Pa. Mar. 22, 2013) (citing *Moore v. Gluckstern*, 548 F. Supp. 165, 167 (D. Md. 1982)) ("At worst, plaintiff alleges that the items were stolen by the guards. While such action by prison guards, if proven, would clearly be wrongful, there is nothing about the alleged incidents that could conceivably 'shock[ ] the conscience' of the court. Therefore, the complaint cannot be read as alleging a violation of substantive due process rights.").  Indeed, "only the most egregious official conduct" shocks the conscience.  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  "Whether an incident 'shocks the conscience' is a matter of law for the courts

to decide." *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 174 (3d Cir. 2004) (citing *Rochin v. California*, 342 U.S. 165, 172 (1952)); *see also Ford v. Cassella*, No. CIV. 10-3711 JBS, 2011 WL 3203285, at *4 (D.N.J. July 27, 2011) (dismissing deprivation of property claim at screening and determining as a matter of law that prosecutors' refusal to return Plaintiff's seized cash after the judge dismissed the criminal prosecution failed to shock the conscience). Accordingly, it is appropriate for the Court at the screening stage to determine whether facts alleged by Plaintiff can constitute conduct that shocks the conscience as a matter of law. Because I do not so find, Plaintiff's substantive due process claim is dismissed.

### IV.   CONCLUSION

For the reasons explained in the foregoing Opinion, Plaintiff's Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b) (1). An appropriate Order follows.


    /s/ Freda L. Wolfson
Freda L. Wolfson,
United States District Judge


Date: February 29, 2016